IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| CHESAPEAKE APPALACHIA, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

The United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"); and the Commonwealth of Pennsylvania, Department of Environmental Protection ("PADEP") (collectively, "Plaintiffs"), file this Complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) & (d), and the following provisions of Pennsylvania law: The Clean Streams Law ("CSL"), Act of June 22, 1937, as amended, 35 P.S. §§ 691.1-691.1001; the Dam Safety and Encroachments Act ("DSEA"), Act of November 26, 1978, P.L. 1375, as amended, 32 P.S. §§ 693.1-693.28; the 2012 Oil and Gas Act ("O&G Act"), Act of February 14, 2012 P.L. 87 No.13, 58 Pa C.S. §§ 3201-3274; Section 1917-A of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, as amended, 71 P.S. § 510-17; and the rules and regulations

promulgated thereunder (hereinafter collectively "Pennsylvania Law"). Plaintiffs seek injunctive relief and civil penalties against Defendant Chesapeake Appalachia, LLC, for violating Section 301 of the CWA, 33 U.S.C. § 1311, and Pennsylvania Law, by discharging dredged or fill material into waters of the United States and waters of the Commonwealth and by conducting earth disturbance activities, stormwater management and constructing, operating, or maintaining encroachments and /or water obstructions, without prior authorization under State and/or federal law, at 76 sites ("Sites") at various locations throughout the Commonwealth of Pennsylvania.

2. In this action Plaintiffs seek: (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a) and 404, 33 U.S.C. §§ 1311(a) & 1344; (2) to enjoin the pollution or potential pollution to waters of the Commonwealth caused by construction and operation of oil and gas activities, including unauthorized encroachments, water obstructions, earth disturbance and stormwater management activities in violation of Sections 401, 402, and 611 of the CSL, 35 P.S.§§ 691.401, 691.402 and 691.611, Sections 6, 13 and 18 of the DSEA, 32 P.S.§§ 693.6, 693.13 and 693.18, Section 3259(2)(i) and Section 3259(ii) of the O&G Act, 58 Pa. C.S. §§ 3259(i) and (ii) and the rules and regulations thereunder at or from the Sites; (3) to require Defendant, at its own expense, to return to compliance with the CWA and Pennsylvania Law and to address the impacted aquatic resources identified in the attached Exhibit 1; and (4) to require Defendant to pay civil penalties for the statutory and regulatory violations as provided in 33 U.S.C. § 1319(d) and Section 605 of the CSL, 35 P.S.§ 691.605, Section 21 DSEA, 32 P.S.§ 693.21, and Section 3256 of the O&G Act, 58 Pa. C.S. § 3256.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355.

4.  This Court has supplemental jurisdiction over the PADEP Pennsylvania law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because the Commonwealth claims are so related to the federal claims as to form part of the same case or controversy.

5.  Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) and (c), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because Defendant conducts business in this District, the subject Sites are primarily located in this District, and the causes of action alleged herein primarily arose in this District.

6.  Because PADEP is a party to this Complaint, it has notice of the commencement of this action as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## THE PARTIES

7.  Plaintiff United States of America, acting at the request and on behalf of the EPA, is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

8.  Plaintiff PADEP is vested with the duty and authority to administer and enforce the Dam Safety and Encroachments Act, Act of November 26, 1978, P.L. 1375, *as amended*, 32 P.S. §§ 693.1 – 693.27 ("DSEA"); the Oil and Gas Act, Act of February 14, 2012, P.L. 87, No. 13, 58 Pa.C.S. §§ 3201 – 3274 ("O&G Act"); The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. § 691.1 – 691.1001 ("CSL"); Section 1917-A of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 510-17 ("Administrative Code"); and the rules and regulations promulgated thereunder.

9.  Defendant Chesapeake Appalachia, LLC, is a limited liability company organized under the laws of the State of West Virginia, with a business address of 900 Pennsylvania

3

Avenue, Charleston, West Virginia. Chesapeake Appalachia, LLC, is engaged in the exploration and production of natural gas in the Appalachian Basin, including the Marcellus Shale, and has operations in support of those activities in natural gas fields in the Commonwealth of Pennsylvania, including within this judicial District. Chesapeake Appalachia, LLC, is a wholly-owned subsidiary of Chesapeake Energy Corporation, a publicly-traded company headquartered at 6100 North Western Avenue, Oklahoma City, Oklahoma. On June 28, 2020, the Defendant filed a petition in the United States Bankruptcy Court for the Southern District of Texas, seeking relief under Chapter 11 of the United States Bankruptcy Code, at Case Number: 20-33233. On January 16, 2021, the Bankruptcy Court entered an order confirming Defendant's Chapter 11 Plan of Reorganization, which became effective on February 9, 2021. The Defendant continued to operate its business and manage its property as debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 1107(a), 1108 and now operates its business and manages its property as a reorganized debtor.

## STATUTORY BACKGROUND

**The Clean Water Act**

10. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant," including dredged or fill material, by any person from any point source to navigable waters unless that discharge is authorized by a permit issued under CWA Section 402 or 404, 33 U.S.C. §§ 1342 & 1344, or by other provisions of the CWA not applicable here.

11. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and dirt.

12. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

13. Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include "an individual, corporation, partnership, [or] association."

14. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas." In turn, "waters of the United States" has been defined to include, *inter alia*, all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; tributaries to such waters; and wetlands adjacent to the foregoing waters. 33 C.F.R. § 328.3(a)(1), (5), & (7) (1993); 40 C.F.R. §§ 122.2 (1993) & 232.2 (1993).

15. 33 C.F.R. § 328.3(b) (1993) and 40 C.F.R. § 120.2 (1993) define "wetlands" as "areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

16. Section 404(a) of the CWA, 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers ("Corps"), to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites.

17. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C. § 1311.

18. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19. Any person who violates CWA section 301(a), 33 U.S.C. § 1311(a), shall be subject to civil penalties of up to $37,500 per day for each violation occurring between January 12, 2009, and November 2, 2015, and up to $51,570 per day for violations occurring after November 2, 2015, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. § 19.4 (as adjusted over time as required by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996, and most recently, by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Pub. L.114-74, Section 701)).

**Pennsylvania Law**

20. Section 401 of the CSL, 35 P.S § 691.401, prohibits "any person or municipality" from putting or placing into any of the waters of the Commonwealth, or allowing or permitting to be discharged from property owned or occupied by such person or municipality into any of the waters of the Commonwealth, any substance of any kind or character resulting in "pollution."

21. Section 402(b) of the CSL, 35 P.S. § 691.402(b), prohibits creating "a danger of pollution of the waters of the Commonwealth" by conducting an activity, which requires a PADEP permit, without such a permit; contrary to the terms or conditions of the permit; or contrary to the PADEP's rules and regulations.

22. Section 6 of the DSEA, 32 P.S. § 693.6, provides that "[n]o person shall construct, operate, maintain, modify, enlarge or abandon any dam, water obstruction or encroachment without the prior written permit of the [D]epartment."

23. Section 13 of the DSEA, 32 P.S. § 693.13, imposes a legal duty upon the owner of any "water obstruction" or "encroachment" to "monitor, operate and maintain the facility in a safe condition in accordance with the regulations, terms and conditions of permits, [and] approved operating plans … of the [D]epartment issued pursuant to this act."

24. Section 18 of the DSEA, 32 P.S. § 693.18, makes it unlawful to "[c]onstruct, enlarge, repair, alter, remove, maintain, operate or abandon any dam, water obstruction or encroachment contrary to the terms and conditions of a general or individual permit or the rules and regulations of the [D]epartment."

25. Sections 3259(2)(i) and (ii) of the O&G Act, 58 Pa. C.S. §§ 3259(2)(i) and (ii) make it unlawful to "[c]onduct an activity related to drilling for or production of oil and gas: (i) contrary to this chapter, rules or regulations adopted under this chapter, an order of the department or a term or condition of a permit issued by the department; or (ii) in any manner as to create a public nuisance or adversely affect public health, safety, welfare or the environment."

26. Title 25 Pa. Code § 78a.53 provides in relevant part that "[a]ny person proposing or conducting earth disturbance activities associated with oil and gas operations shall comply with Chapter 102 (relating to erosion and sediment control)."

27. Title 25 Pa. Code § 102.5(c) provides that "[a] person proposing oil and gas activities that involve 5 acres (2 hectares) or more of earth disturbance over the life of the project shall obtain an [erosion and sediment control] Permit under this chapter prior to commencing the earth disturbance activity."

28. Title 25 Pa. Code § 102.5(m)(4) provides that "[a] person who conducts an activity under a general permit issued under this subsection shall comply with the terms and conditions of the general permit, with this chapter and other applicable laws."

7

29. Title 25 Pa. Code § 102.8 establishes certain requirements regarding the Defendant's post construction stormwater management at its Sites.

30. Title 25 Pa. Code §105.11(a) provides that "[a] person may not construct, operate, maintain, modify, enlarge or abandon a … water obstruction or encroachment without first obtaining a written permit from the Department."

## GENERAL ALLEGATIONS

31. Defendant is engaged in the exploration and production of natural gas in the Appalachian Basin, including through the use of hydraulic fracturing (or "fracking"). In furtherance of its natural gas extraction operations, Defendant constructed and/or operated, and/or controlled and directed the construction and operation of, numerous well pads, pipeline stream crossings, access roads, surface impoundments, and other structures and appurtenances in the Commonwealth of Pennsylvania.

32. The construction and/or operations described Paragraph 31 resulted in unauthorized discharges of "pollutants" as that term is defined in Section 502(6) of the CWA, 33 U.S.C. § 1362(6), including "dredged" and/or "fill material" as those terms are defined in 40 C.F.R. § 232.2, into streams and/or wetlands at the Sites.

33. The construction and/or operations described in Paragraph 31 caused and created unauthorized "water obstructions" and "encroachments" as that phrase and that term are defined and used in the DSEA, and Chapter 105 of Title 25 of the Pennsylvania Code. The construction and/or operation of the foregoing resulted in unauthorized discharge of "pollution" as that term is defined and used in the CSL, 35 P.S. §§ 691.1, et. seq.

34. The Sites are 76 properties in Beaver, Bradford, Sullivan, Susquehanna, and Wyoming Counties, identified in Exhibit 1 of this Complaint, where Defendant has conducted

8

and/or controlled and directed the construction and/or operations described in Paragraph 31 that resulted in the unauthorized discharge of dredged and/or fill material into waters of the United States and/or caused and created unauthorized water obstructions, encroachments and pollution in, along, across or projecting into waters of the Commonwealth ("unauthorized activities").

35. On December 19, 2013, the United States and the West Virginia Department of Environmental Protection filed a complaint against Defendant in the United States District Court for the Northern District of West Virginia alleging the unauthorized discharge of dredged or fill material to waters of the United States in violation of the CWA and West Virginia law at 27 locations in West Virginia ("WV violations"). *United States and West Virginia Department of Environmental Protection v. Chesapeake Appalachia, LLC*., Civ. Action No. 5:13-cv-170 (N.D. W.Va.), ECF No. 1. On that same day, the United States and the West Virginia Department of Environmental Protection lodged a proposed consent decree with the court that would resolve CALLC's liability for the WV violations alleged in the complaint. *Id.* at ECF No. 4. The court entered the parties' consent decree on March 11, 2014, resolving CALLC's liability for the WV violations. *Id.* at ECF No. 11.

36. In the spring of 2014, Defendant informed EPA, the Corps, and PADEP that it had initiated an internal audit of its assets in Pennsylvania and had identified unauthorized discharges of dredged and/or fill material to waters of the United States and/or caused and created unauthorized water obstructions, encroachments and pollution in, along, across or projecting into waters of the Commonwealth, associated with Defendant's extraction of natural gas in Pennsylvania.

37. Initially, Defendant audited approximately 150 sites and identified violations at 22 sites. Thereafter, Defendant expanded its audit to approximately 500 sites.

38. On September 15, 2019, Defendant provided to the EPA, the Corps, and PADEP its final disclosure of unauthorized activities at streams and/or wetlands identified by its audit at a total of 76 Sites.

39. In June 2015, November 2015, May 2016, and November 12-15, 2019, representatives from EPA, the Corps, and PADEP, conducted inspections at a selection of the Sites where Defendant disclosed CWA and/or Pennsylvania Law violations.

40. In total, Defendant disclosed unauthorized discharges of dredged and/or fill material and/or unauthorized water obstructions, encroachments and pollution to 2,326 linear feet of streams and 25.778 acres of wetlands across the 76 Sites.

41. The allegations in Paragraphs 42-46, *infra*, relate to unauthorized activities in wetlands and streams at nine Sites disclosed by Defendant. The unauthorized activities at these nine Sites represent more than half of the total impacts to wetlands and steams disclosed by Defendant.

42. At the Akita BRA Pad, Fausto BRA Pad, Grant BRA Pad, Rylee SUS Pad, Susq 2F Squier Frac Pond, White SUS Pad, and Wyom 5 Gustin Frac Pond Sites identified in Appendix A, Defendant and/or persons acting on its behalf engaged in unauthorized activities that impacted approximately 13.579 acres wetlands in total.

43. Defendant engaged in unauthorized activities that impacted wetlands at the Sites identified in Paragraph 42 that abut or are part of a larger wetland that abuts or is separated by a natural feature from tributaries that contribute flow in a typical year directly or indirectly to downstream waters, including but not limited to, the Susquehanna River.

44. At the CSI BRA Pad and SGL 289B Sites identified in Appendix A, Defendant and/or persons acting on its behalf engaged in unauthorized activities that impacted approximately 1,758 linear feet in total of tributaries to the Susquehanna River.

45. The tributaries described in Paragraph 44 contribute flow in a typical year directly or indirectly to downstream waters, including but not limited to, the Susquehanna River.

46. The Susquehanna River is a navigable water of the United States.

47. The wetlands and tributaries described in Paragraphs 42 and 44 constitute "waters of the United States" and "navigable waters" under Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and together with those referenced in Paragraph 38 constitute "waters of the Commonwealth" as that phrase is defined and used in Pennsylvania Law.

48. Upon information and belief, at the 67 remaining Sites disclosed by Defendant and listed in Appendix A, Defendant and/or persons acting on its behalf discharged dredged and/or fill material into waters of the United States and/or constructed and operated unauthorized water obstructions, encroachments and/or caused pollution in, along, across or projecting into waters of the Commonwealth.

49. During the construction and/operations at numerous Sites, the Defendant altered, impacted, or filled or constructed encroachments or water obstructions in, along, across or projecting into watercourses, bodies of water, floodways, streams, and wetlands without PADEP authorization; failed to provide adequate mitigation for the alteration, impact, or filling or constructing of encroachments or water obstructions in, along, across or projecting into watercourses, bodies of water, floodways, or wetlands; failed to adequately characterize earth disturbance activities; and failed to provide adequate erosion and sediment control or stormwater management controls for the Sites.

50. Defendant failed to obtain a CWA Section 404 permit from the Corps authorizing the discharge of dredged and/or fill material into "waters of the United States" at the Sites, and/or failed to obtain authorization from the Commonwealth for the water obstructions, encroachments and/or pollution in, along, across or projecting into the waters of the Commonwealth, in connection with the work described above.

51. The aquatic resources impacted by the unauthorized activities undertaken by CALLC in violation of Pennsylvania law, as referenced above in Paragraph 33 through 46 , include "watercourse[s]," "stream[s]," "floodway[s]," "bod[ies] of water" and "wetlands" as those terms are defined in Section 3 of the Dam Safety Act, 32 P.S. § 693.6 and 25 Pa. Code § 105.1.

52. The Defendant's unauthorized activities at the Sites, as referenced above in Paragraphs 33 through 51: (1) violated 25 Pa. Code §§ 78a.53, 102.5(c), 102.5(m)(4), and 102.8 by constructing portions of the Well Sites contrary to the terms and conditions of the Erosion and Sediment Control General Permit authorizations and, therefore, without a permit; (2) violated Section 6 of the DSEA, 32 P.S. § 693.6, and 25 Pa. Code § 105.11(a) by obstructing or encroaching upon a watercourse, floodway, or body of water without a permit; (3) violated Section 401 of the CSL, 35 P.S. § 691.401, by causing pollution or potential pollution to waters of the Commonwealth due to CALLC's inadequately controlled earth disturbance activities and/or by the unauthorized filling or altering streams and wetlands; and (4) created a potential for pollution of the waters of the Commonwealth pursuant to Section 402 of the CSL, 35 P.S. § 691.402.

**CLAIM FOR RELIEF**

53. Plaintiffs re-allege Paragraphs 1 through 52 and incorporate those allegations by reference.

54. Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and as that term is defined and used in the CSL, DSEA, and O&G Act.

55. Through the activities described above, Defendant and/or persons acting on its behalf discharged dredged or fill material into waters of the United States and constructed and operated water obstructions and/or encroachments in, along, across or projecting into waters of the Commonwealth.

56. The dredged or fill material discharged includes, among other things, dirt, rock and sand, all of which constitute "pollutants" as defined in CWA Section 502(6), 33 U.S.C. § 1362(6), and the discharge of those materials to waters of the Commonwealth and the associated earth disturbance activities constitute "pollution" as that term is defined and used in the CSL.

57. At the Sites, Defendant and/or persons acting on its behalf used mechanized land-clearing and earth-moving equipment that resulted in the discharges. This equipment constitutes "point source[s]" as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

58. Defendant has discharged pollutants from various point sources into waters of the United States, within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and within the meaning of the federal regulations implementing the CWA at 33 C.F.R. § 328.3(a)(1), (2), & (5) (1993); 40 C.F.R. §§ 122.2 (1993) & 232.2 (1993).

59. Defendant has constructed and operated encroachments and/or water obstructions in Commonwealth watercourses, floodways and bodies of water within the meaning of Section 6

of the DSEA, 32 P.S. § 693.6, and has caused pollution or potential pollution to waters of the Commonwealth within the meaning of the CSL, 35 P.S. §§ 691.401, 691.402.

60. Defendant did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged and/or fill material into waters of the United States, as required by CWA Sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344. Defendant did not obtain a permit or other authorization from PADEP for water obstructions or encroachments, as required by DSEA, Section 6, 32 P.S. § 693.6. In addition, Defendant did not obtain a permit or other authorization for the pollution or potential pollution to waters of the Commonwealth as required by Sections 401 and 402 of the CSL, 35 P.S. §§ 691.401, 691.402.

61. Defendant has violated and continues to violate CWA Section 301(a), 33 U.S.C. § 1311(a), CSL Sections 401 and 402, 35 P.S. § 691.401, and DSEA Section 6, 32 P.S. § 693.6, by its unauthorized discharges of pollutants, specifically dredged and/or fill material, into waters of the United States and its unauthorized water obstructions and encroachments, and pollution in, along, across or projecting into waters of the Commonwealth at the Sites.

62. Each location at which such material was discharged into waters of the United States or where there were unauthorized water obstructions, encroachments, and pollution in, along, across or projecting into waters of the Commonwealth constitutes a separate violation, and each day that such material remains in place constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a), of Sections 401 and 402 of the CSL, 35 P.S. §§ 691.401, and 691.402, and of Section 6 of the DSEA, 32 P.S. § 693.6.

63. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d) and 40 C.F.R. § 19.4 (as adjusted over time as required by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection

14

Improvement Act of 1996, and most recently, by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Pub. L.114-74, Section 701)), Defendant is liable for a civil penalty of up to $51,570 per day for each violation of CWA Section 301(a), 33 U.S.C. § 1311(a). Under Section 605 of the CSL, 35 P.S. § 691.605 and Section 21 of the DSEA, 32 P.S. § 693.21, Defendant is liable for a civil penalty of up to $10,000.00 per day for each violation of Section 401 or 402 of the CSL, 35 P.S. §§ 691.401, 691.402, and for each violation of Section 6 of the DSEA, 32 P.S. § 693.6.

64. Unless enjoined, Defendant's discharges are likely to continue to remain in waters of the United States and the Commonwealth at the Sites, in violation of CWA Section 301, 33 U.S.C. § 1311, of Sections 401 and 402 of the CSL, 35 P.S. §§ 691.401, and 691.402, and of Section 6 of the DSEA, 32 P.S. § 693.6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the Commonwealth of Pennsylvania, respectfully request that this Court order the following relief:

I. That the Defendant be permanently enjoined from discharging pollutants into any waters of the United States or constructing, operating or maintaining water obstructions and encroachments in, along, across or projecting into, or causing pollution and potential pollution in waters of the Commonwealth except as expressly authorized by the CWA, and the CSL and the DSEA;

II. That the Defendant be enjoined to undertake measures, at Defendant's own expense and at the direction of EPA and/or PADEP, to effect complete restoration of the waters of the United States and waters of the Commonwealth at the Sites and/or to conduct off-site

mitigation for irreversible environmental damage and/or temporal losses of aquatic resources, as appropriate;

      III.      That the Defendant be assessed civil penalties for each day of each violation pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), for Defendant's violations of CWA Section 301(a); and pursuant to Section 21 of the DSEA, 32 P.S. § 693.21, and Section 605 of the CSL, Section 605 of the CSL, 35 P.S. § 691.605, for Defendant's violations of Section 6 of the DSEA, 32 P.S. § 693.6, and of sections 401 and 402 of the CSL, 35 P.S. §§ 691.401, 402;

      IV.      That the United States and the Commonwealth be awarded costs and disbursements in this action; and

      V.      That this Court grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 24, 2021                         FOR THE UNITED STATES OF AMERICA:

*/s/ Laura J. Brown*
LAURA J. BROWN (PA Bar No. 208171)
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
Post Office Box 7611
Washington, DC 20044
Phone: (202) 514-3376
Laura.j.s.brown@usdoj.gov

*Of Counsel*

STEFANIA D. SHAMET
Office of Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103

|  |  |
|---|---|
| Dated: March 23, 2021 | FOR THE PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION:<br><br>_____<br>MARGARET O. MURPHY   (PA Bar No. 64148)<br>Assistant Counsel<br>Department of Environmental Protection<br>Rachel Carson State Office Building<br>400 Market Street<br>Harrisburg, PA  17101<br>(717) 783-7472<br>mamurphy@pa.gov<br><br>DIANA J. STARES<br>Acting Chief Counsel<br>Department of Environmental Protection<br>Rachel Carson State Office Building<br>400 Market Street<br>Harrisburg, PA  17101 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021 the undersigned caused Plaintiffs' Complaint to be served by first class United States mail and electronic mail on the following counsel:

Jason B. Hutt, Esq.
Bracewell LLP
2001 M Street NW
Suite 900
Washington, DC 20036
(202) 828-5850
Jason.Hutt@bracewell.com

*Counsel for Defendant Chesapeake Appalachia LLC*

Andrew T. Bockis, Esq.
Saul Ewing Arnstein & Lehr LLP
Penn National Insurance Tower
2 North Second Street, 7th Floor
Harrisburg, PA 17101
Andrew.Bockis@saul.com

*Counsel for Defendant Chesapeake Appalachia LLC*

Margaret O. Murphy
Assistant Counsel
Department of Environmental Protection
Rachel Carson State Office Building
400 Market Street
Harrisburg, PA  17101
(717) 783-7472
mamurphy@pa.gov

*Counsel for Plaintiff the Commonwealth of Pennsylvania Department of Environmental Protection*

/s/*Laura J. Brown*